IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KHALID CASTLEBERRY,<br><br>   Plaintiff,<br><br>v.<br><br>ASHEEV LLC d/b/a<br><br>PIN STRIKES ENTERTAINMENT CENTER<br><br>   Defendant. | CIVIL ACTION NO. |

# COMPLAINT

Plaintiff KHALID CASTLEBERRY brings this Complaint for damages and other relief against Defendant ASHEEV LLC, d/b/a PIN STRIKES ENTERTAINMENT CENTER and alleges as follows.

## NATURE OF THE ACTION

1. This is an action for unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, ("FLSA").

1

## PARTIES

2. Plaintiff KHALID CASTLEBERRY ("Plaintiff" or "Castleberry") is a citizen of Georgia and resides in Atlanta, Georgia.

3. Defendant AZHEEV LLC d/b/a PIN STRIKES ENTERTAINMENT CENTER ("Pen Strikes") is a Georgia company.

4. Pin Strikes' principle office is located at 3478 Mount Zion Road, Stockbridge, Georgia 30281.

5. Pin Strikes may be served with process by delivering copies of the Summons and this Complaint to Pin Strikes' registered agent, Balvant R. Patel, located at 3478 Mount Zion Road, Stockbridge, Georgia 30281.

6. Asheev LLC owns and operates Pin Strikes Entertainment Center.

## JURISDICTION

7. The Court has original jurisdiction over Plaintiff's claims for violation of the FLSA pursuant to 28 U.S.C. § 1331, because these claims raise questions of federal law.

8. The Court has personal jurisdiction over Pin Strikes, because Pin Strikes operates an entertainment center in Georgia, and Plaintiff's claims arise out of his employment at that entertainment center.

## VENUE

9. Under 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Northern District of Georgia.

10. Pursuant to Local Rule 3.1(B)(1)(a) and § 1391(d), venue is proper in the Atlanta Division, because the activity from which the cause of action arose took place in Clayton County.

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIM FOR FAILURE TO PAY OVERTIME

11. While working for Pin Strikes, Plaintiff was engaged in interstate commerce and/or in the production of goods for commerce.

12. By way of example, Pin Strikes operates a bowling alley that uses bowling balls and bowling pins which traveled in interstate commerce.

13. Pin Strikes qualifies as an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

14. Plaintiff was an "employee" within the meaning of the FLSA. 29 U.S.C. § 203(e).

15. In the three years prior to the filing of this Complaint, Pin Strikes has been and continues to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

16. In the three years prior to the filing of this Complaint, Pin Strikes has been and continues to be an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

17. In the three years prior to the filing of this complaint, Pin Strikes has employed one or more individuals who handled materials that traveled in interstate commerce.

18. In each of the three years prior to the filing of this Complaint, Pin Strikes has an annual gross volume of sales made or business done in excess of $500,000.

19. Pin Strikes' individual annual gross volume of sales made or business done in the current calendar year will exceed $500,000.

20. Pin Strikes paid Castleberry an annual salary of $28,000.

21. Castleberry worked as an employee at Pin Strikes located in Stockbridge, Georgia, from April 12, 2016 to August 5, 2016.

22. Castleberry worked for Pin Strikes as an outside group sales representative.

23. In reality, at least half of all sales were made in-house.

24. In addition to his duties making group sales, Castleberry was also a shift manager, but had not authority to hire and/or fire employees, nor any other genuine input into the job status of other employees.

25. Castleberry's assigned regular work schedule was from 9:45 AM to 6 PM.

26. However, Castleberry worked hours in excess of 40 hours per week in certain work weeks.

27. Castleberry typically arrived early in the mornings to perform work on behalf of Pin Strikes.

28. Castleberry typically worked past his scheduled shift to perform work on behalf of Pin Strikes.

29. Tim Mullen was Castleberry's supervisor.

30. Mullen created Castleberry's work schedule.

31. While Castleberry's schedule stated his shift began at 9:45 AM, at least once per week Castleberry would attend the Chamber of Commerce meeting, which typically began at 7 AM.

32. Mullen would typically attend this meeting with Castleberry.

33. Castleberry was allowed a lunch break, however he often did not take the entire time allotted.

34. Moreover, Castleberry typically performed his job duties during his lunch break.

35. For example, Castleberry would accept phone calls regarding potential party bookings during his lunch break.

36. Castleberry worked weekend on occasion to perform work on behalf of Pin Strikes.

37. Castleberry worked at least one weekend with Mullen.

38. Pin Strikes knew or should have known that Castleberry worked hours in excess of 40 during certain workweeks.

39. Pin Strikes knew Castleberry's schedule required him to work in excess of 40 hours per week.

40. While Pin Strikes had a time-tracking system, it did not require Castleberry to use said system.

41. Castleberry was trained he was only required to clock in two days per week.

42. Pin Strikes failed to keep accurate time records of all hours worked by Castleberry.

43. Mullen knew Castleberry was working overtime, as he personally observed Castleberry's work hours.

44. These and other practices of Pin Strikes resulted in Plaintiff working hours in excess of 40 in certain workweeks for which he was not compensated at one and one half times her regular rate of pay.

**COUNT I: FAILURE TO PAY OVERTIME WAGES**

45. Pin Strikes permitted Castleberry to perform work in excess of 40 hours per week during certain work weeks.

46. Pin Strikes failed to compensate Plaintiff for hours worked in excess of 40 per week at a rate of not less than one and one-half times his regular rate.

47. Pin Strikes chose not to compensate Plaintiff at the required overtime premium rate despite Defendant's knowledge that failure to pay an overtime premium rate was a violation of the FLSA given Plaintiff's job duties.

48. Pin Strikes' decision with respect to Plaintiff's compensation show a reckless disregard for Plaintiff's rights under the FLSA.

49. By failing to compensate Castleberry at not less than one and one half times his regular rate of pay for all hours worked over 40 in certain workweeks, Pin Strikes violated the FLSA.

50. As a result, Defendant violated the recordkeeping requirements of the FLSA.

51. Pin Strikes' violation of the FLSA was willful.

## DEMAND FOR JUDGMENT

Based on the allegations set forth in this Complaint, and the evidence as it is developed in this case, Plaintiff respectfully requests:

(a) A declaratory judgment against the Defendant that they violated the FLSA;

(b) A declaration that the violation of the FLSA was willful;

(c) A monetary judgment against the Defendant, including:

    i) Unpaid wages and overtime,

    ii) Liquidated damages,

    iii) Reasonable costs and attorney fees, and

    iv) Prejudgment interest;

(d) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff demands a jury trial on all issues triable by a jury.

Respectfully submitted: October 19, 2016.

| | |
|---|---|
| MAYS & KERR, LLC<br>235 Peachtree St.<br>North Tower \| Suite 202<br>Atlanta, GA 30303<br>T: (404) 410 – 7998<br>F: (404) 855 – 0820<br>john@maysandkerr.com<br>dustin@maysandkerr.com | /s/ John L. Mays<br>John L. Mays<br>Georgia Bar No. 986574<br>Dustin L. Crawford<br>Georgia Bar No. 758916<br><br>Counsel for the Plaintiff |