# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made by Asheev, LLC d/b/a Pin Strikes Entertainment Center ("Asheev"), and its officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Asheev"), and Khalid Castleberry ("Castleberry"), regarding his claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and for discrimination under Title VII (the "claims").

This Agreement is made as a compromise between Castleberry and by Asheev (collectively, the "Parties") for the complete and final settlement of their claims, differences and causes of actions raised by Castleberry.

## RECITALS

WHEREAS, Castleberry filed suit against Asheev asserting his claims at issue in this Agreement in the case styled *Khalid Castleberry v. Asheev, LLC d/b/a Pin Strikes Entertainment Center*, Case No. 1:16-cv-03913-TCB, U.S. District Court for the Northern District of Georgia (the "Litigation").

WHEREAS, Asheev denies Castleberry's allegations regarding his claims.

WHEREAS, on February 13, 2017, the Parties arrived at an agreement to settle Castleberry's claims.

WHEREAS, Asheev denies, and continues to deny, the allegations in the Litigation and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in Castleberry's claims; nonetheless, without admitting or conceding any liability or damages, and to avoid the burden, expense and uncertainty of litigation, the Parties have agreed to settle Castleberry's claims on the terms and conditions set forth in this Agreement.

WHEREAS, the Parties recognize the outcome in the Litigation would be uncertain and achieving a final result through litigation would require additional risk, discovery, time and expense.

WHEREAS, counsel have investigated and evaluated the facts and law relating to the claims asserted in Castleberry's claims; after balancing the benefits of settlement with the costs, risks, and delay of litigation, Castleberry and Castleberry's counsel believe the settlement as provided in this Agreement is in the best interests of Castleberry and represents a fair, reasonable, and adequate resolution of his claims.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## AGREEMENT

**A.     Consideration:** In order to resolve Castleberry's FLSA claims, Asheev agrees to pay a total of $5,400.00 (collectively the "Settlement Payment"):

(i)     $2,000 to Castleberry as overtime wages and liquidated damages; and
(ii)    $3,400 to Castleberry's counsel for attorney's fees and costs.

**B.     Settlement Payment and Taxes:**

1.     $500.00 of the settlement amount to Castleberry for overtime claims in Section (A)(i) shall be allocated to settlement of Castleberry's claim for alleged unpaid overtime (the "W-2 payment"), and the remaining $1,500 of the settlement amount to Castleberry for overtime claims in Section (A)(i) shall be allocated to settlement of Castleberry's claim for alleged unpaid liquidated damages, which shall be paid separately without any deduction for any taxes or other withholdings, in non-employment income reported in Box #3 on IRS Form 1099-MISC (the "1099 payment"). The payments will be made as follows: (i) the W-2 payment shall be paid within fourteen (14) days of the Court's approval of the Agreement ("Approval Order"), and (ii) the 1099 payment for wage damages shall be made within fourteen (14) days of the Court's Approval Order pursuant to the Parties' motion for approval of settlement to be filed in the Litigation no later than fourteen (14) days from the date of this Agreement.

2.     The payment to Castleberry's counsel for attorney's fees and costs pursuant to Section (A)(ii) shall be paid to "Mays & Kerr, LLC" ("Castleberry's Counsel") by separate check(s) without any deduction for any taxes or other withholdings (the "1099 fee payment") within fourteen (14) days of the Approval Order. The 1099 fee payment shall be processed by 1099 issued to Castleberry's Counsel using a W-9 for Mays & Kerr, LLC, and reported in Box #14 on IRS Form 1099-MISC. The settlement amounts paid to Castleberry's Counsel for fees and costs constitute payment of Castleberry's attorneys' fees and costs on all claims under the FLSA and therefore are within the definition of 26 U.S.C. § 62(e)(4) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code.

3.     Asheev shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement. Castleberry is not relying on any information provided by Asheev concerning the tax consequences of payments made under this Agreement. Nothing herein shall operate as a release of Asheev's obligation for the employer's share of FICA and Medicare for the payment in Paragraph A. Castleberry shall be responsible for any withholding or tax liabilities regarding the 1099 payment as required by law.

4.     Payment by the dates specified in Subsections 1 and 2 above shall be made by delivery of payment to Castleberry's Counsel's office by the date provided in this Agreement.

**C.     General Waiver and Release by Castleberry.** In exchange for the Settlement Payment, part of which is consideration for release of wage claims under the FLSA and part of which is

consideration for release Title VII claims, Castleberry fully releases and discharges Asheev, its parents, subsidiaries and affiliates, and its and their past and present directors, officers, employees, agents, representatives, insurers, attorneys, successors and assigns (collectively, the "**Released Parties**") of and from, without limitation, any and all rights, claims, demands, actions, causes of action, suits, damages, liabilities, losses, costs or expenses of any kind, whether arising out of, relating to or resulting from Castleberry's employment with Asheev, Castleberry's resignation from Asheev or any other matter, and specifically including but not limited to any and all:

1. Claims arising under the FLSA, the Portal to Portal Act; Title VII of the Civil Rights Act of 1964 (as amended); the Age Discrimination in Employment Act; the Americans with Disabilities Act; the Family and Medical Leave Act; the Family Rights Act; the Immigration Reform and Control Act; the Occupational Safety and Health Act; the Uniformed Services Employment and Reemployment Rights Act; and any other federal, state or local civil or human rights law or any other federal, state or local law, regulation or ordinance;

2. Claims for violation of any public policy, contract, tort or common law obligation, including but not limited to breach of express or implied contract or of an implied covenant of good faith and fair dealing, and negligent or intentional infliction of emotional distress;

3. Claims for wages, bonuses and/or other employment benefits (except as expressly described herein); and

4. Any obligation for costs, fees or other expenses, including but not limited to attorneys' fees incurred in connection with any of the above or any other matter (collectively, the "**Released Claims**").

**D.   Withdrawal of EEOC Charge.**   Upon receipt of the above-described payment, Castleberry agrees to request the withdrawal of the EEOC Charge No. 410-2017-00309. Castleberry agrees to make this request in writing through counsel by either certified mail or email to the offices of the EEOC in Atlanta, Georgia.

**E.   Reserved Claims**.  Notwithstanding anything herein to the contrary, Castleberry is not waiving any claim over vested or accrued retirement benefits. Also, Castleberry is not waiving any claims that cannot be waived as a matter of law (as applicable to Castleberry, if any), including, but not limited to, claims for unemployment compensation, workers' compensation benefits or COBRA rights to continue medical coverage and claims first arising after the date of this Agreement.

**E.   Court Approval:**  Within fourteen (14) business days of the execution of this Agreement the Parties will file with the Court on the publicly available docket a joint motion for approval of the terms of this Agreement, attaching this Agreement as an exhibit thereto. The Parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement. The Parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Castleberry's Counsel is required to petition the Court for approval of the reasonableness

and amount of its attorneys' fees and costs to be paid under this Agreement, Asheev does not oppose and agrees not to oppose the amount (or the reasonableness of the amount) of Castleberry's attorneys' fees to be paid to Castleberry's Counsel out of the total Settlement Payment.

**E.      No Admission of Liability:** The Parties agree and acknowledge this Agreement is the result of a compromise and shall not be construed as an admission of liability, responsibility, or wrongdoing by either party.  Parties deny any liability, responsibility, or wrongdoing as alleged in the claims.

**F.      Waiver of Reinstatement.**  Castleberry waives any right to reinstatement or future employment with, and he shall not knowingly apply for employment with Asheev or other entities which, after reasonable research, Castleberry determines are related to it.

**G.      Construction**. The language contained in this Agreement shall be deemed to be that approved jointly by the parties, and no rule of strict construction shall be applied against any party hereto. Paragraph headings used in this Agreement are for reference only and are not substantive terms nor intended to modify the meaning or intent of the paragraph. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any party to this Agreement from complying with any federal, state, or local law, rule, or regulation

**H.      No Transfer:** Castleberry represents and warrants that he has not pledged, assigned, transferred or conveyed, or purported to pledge, assign, transfer, or convey, voluntarily, involuntarily, or by operation of law, any Released Claim against any Released Party, or any part or portion thereof, to any person or entity.

**I.      Remedies:** Castleberry agrees that, should he breach this Agreement, including, without limitation, by pursuing a Released Claim against any of the Released Parties, Castleberry shall (a) refund the Settlement Payment and (b) indemnify all Released Parties from any and all damages, losses, liabilities and costs (including reasonable attorneys' fees) resulting from Castleberry's breach of this Agreement.  No right or remedy conferred by this Agreement is intended to be exclusive of any other right or remedy, and each and every such remedy shall be cumulative with and in addition to any other right or remedy given hereunder or now or hereafter existing at law or in equity.

Asheev agrees that if it should breach this Agreement in the form of non-payment, it will be responsible for all attorney fees and costs of litigation associated with any action brought by Castleberry to recover sums due under this agreement.

**J.      Prevailing party:** In any action or proceeding involving the interpretation or enforcement of, or defense against, any provision of this Agreement, the prevailing party in such action or proceeding shall be entitled to recover its reasonable attorneys' fees and all costs and expenses incurred in connection with such action or proceeding from the non-prevailing party. In addition, the non-prevailing party shall pay all costs and expenses incurred in enforcing any judgment or award or in connection with any appeal, and this obligation shall be severable from the other provisions of this paragraph and shall survive any judgment, order or award and shall not be deemed to be merged therewith.

**K.     Severability of Provisions:**  After approval by the Court, as addressed above, if any portion of this Agreement is held to be invalid by operation of law, the remaining terms of this Agreement shall not be affected and shall continue in full force and effect.  If the Court does not approve this Agreement in whole, however, the Parties agree they will attempt, in good faith, to revise this Agreement consistent with the intent of the Parties, as reflected in this Agreement, and resubmit this Agreement for approval by the Court within ten (10) days of any Order rejecting settlement approval.

**L.     Knowing and Voluntary Waiver:**  The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

**M.     Choice of Law:**  The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia regardless of whether any party is, or may hereafter be, a resident of another state.

**N.     Extension of Time:**  The Parties may mutually agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

**O.     Amendments/Modifications:**  No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by all of the Parties.

**P.     Binding Agreement:**  This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

**Q.     No Third-Party Beneficiaries:**  This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

**R.     References and Anti-Retaliation:**  Asheev is aware of the anti-retaliation provisions of Section 215 of the Fair Labor Standards Act and agrees to comply to the extent required by law.  Asheev agrees to respond to any inquiries regarding Plaintiff by providing only a neutral reference stating his dates of employment, job title, and last rate of pay, to the extent that information is requested.

**S.     Entire Agreement:**  This Agreement constitutes the final and entire agreement between the Parties with respect to its subject matter, and supersedes any prior or contemporaneous negotiations, discussions or understandings between the Parties with respect to such subject matter.  This Agreement may be amended, modified, revised, waived or supplemented only by written instruments signed by both Parties.

**T.  Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

**U.  When Agreement Becomes Effective; Counterparts:** This Agreement shall become effective upon its execution and approval by the Court; however, the date of execution by the Parties shall be the effective date of the Agreement for the purposes of determining the end date of the releases contained herein. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

**V.  Facsimile Signatures:** Execution by facsimile or signed .pdf delivered by email shall be deemed effective as if executed in original.

**W.  Corporate Signatories:** Each person executing this Agreement, including execution on behalf of the corporate defendant, warrants and represents that such person has the authority to do so.

**X.  Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

**Y.  Confidentiality:** In consideration of the final settlement of the claims, neither Castleberry or Asheev, their present or future representatives, attorneys or agents shall issue any publicity release or otherwise publicize, communicate, or give out in any manner the terms of this Agreement or any other matters relating to the incidents and occurrences giving rise to the claims without the prior written consent of the non-disclosing party, except as necessary in the course of preparing financial, legal, benefit or tax documents and in court or legal proceedings based on the terms and provisions of this Agreement, or except in response to a valid subpoena. This paragraph does not apply to any document filed with the Court in connection with the litigation. If inquiries arise regarding Castleberry's employment with Asheev or any dispute arising out of same, the Parties shall state simply that "the matter has been resolved" and will make no further comment.

Should either Party violate this provision of the Agreement, the non-breaching Party shall be released of its obligations under this paragraph and the breaching Party shall be responsible to the non-breaching Party for all damages directly or indirectly suffered, as well as attorneys' fees and costs associated with any action brought as a result of the violation.

**Z.  Waiver of Jury Trial.** TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, BOTH PARTIES HEREBY WAIVE ANY RIGHT TO JURY TRIAL IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT, CASTLEBERRY'S EMPLOYMENT WITH ASHEEV OR CASTLEBERRY'S SEPARTION FROM ASHEEV. EACH PARTY HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL REPRESENTING THAT PARTY AND CONSENTS TO SUCH WAIVER WITH FULL UNDERSTANDING OF THE CONSEQUENCES THEREOF.

*[signatures on next page]*

IN WITNESS WHEREOF, the parties have signed this Settlement Agreement and Release to be effective as of the date last indicated in the signature blocks below.

**Asheev, LLC.**

Signature _Tim Mullen_

Name _Tim Mullen_

Title _Regional Operation Director_

Date _3/17/17_

**Khalid Castleberry**

Signature _Khalid C_

Date _3/20/17_